# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE HOPE, | ) | CASE NO. 5:21-cv-1308 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ANGELA BERG, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Valerie Hope (fka Valerie Ziemba) filed this action against Summit County Jail Deputy Angela Berg, Summit County Jail Deputy Stephanie Bowens, Summit County Jail Inmate Supervisor Rebecca McCutcheon, Summit County Jail Kitchen Supervisor Christine Shreve, Summit County Jail Deputy Steven Scofield, Summit County Probation Officer Zachary Gilgenbach, Summit County Jail Contract Food Service Provider Aramark, Medical Service Providers for Summit County Jail, Summit County Jail Deputy Hadley Hickman, Summit County Jail Deputy Alexandria Hicks, Summit County Jail Chief Inspector Shane Barker, Summit County Jail Deputy Jacqwelynn Wyman, and Summit County Jail Deputy Calhoun.[1] In the complaint, Hope alleges she was repeatedly served meals that contained ingredients to which she has an allergy. She asserts a claim for violation of the Americans with Disabilities Act as well as claims under 42 U.S.C. § 1983 for Eighth Amendment violations. She seeks monetary damages.

---

[1] Plaintiff suggested in her complaint that Sheriff Barry may be a defendant; however, she did not include him in the case caption, did not supply marshal forms and summonses for Barry and did not include factual allegations in the pleading pertaining to Barry. The Court will therefore not consider Barry as a defendant.

Hope also filed an application to proceed *in forma pauperis*. (Doc. No. 2.) That application is granted.

**I.      Background**

Hope was incarcerated in the Summit County Jail on a three-month sentence from April 9, 2019 to July 3, 2019. She indicates that she disclosed her allergy to gluten, soy, and corn to jail staff at booking. She contends she was nevertheless served foods that contained these items. She alleges that she made several requests to the medical department to give her a diet that was within her restrictions but was told it could take weeks for her medical records to be forwarded by her physicians. Hope states she contacted Shreve, the food service supervisor, informing her that items on her tray were not gluten, soy, and corn free and requesting a list of the ingredients of the food on her trays. Shreve denied this request saying that, if she provided Hope with this information, she would have to provide it to all the inmates. Hope contends that each time she received a non-conforming tray, she notified that deputy on duty. She states that the deputies refused to call the kitchen for corrected trays.

Hope alleges she then kited McCutcheon, the inmate supervisor, and asked for her help in resolving the problem. Hope indicates that McCutcheon arranged a meeting between her, McCutcheon, and Shreve, and Hope contends that at this meeting Hope suggested that she be served eggs. She alleges Shreve told her Aramark would not pay for eggs.

Hope states that, due to her weight loss, the medical department intervened. On May 27, 2019, medical personnel arranged another meeting with plaintiff, McCutcheon, and Shreve. At this meeting, they developed a list of foods plaintiff could safely eat. Hope contends they agreed she was to be served two eggs and bananas for breakfast, and a beef patty or fish with vegetables for lunch and dinner. Hope was also admonished to cease contact with the kitchen staff.

Hope alleges that even after this meeting, she was served foods that were not on the list she provided to Shreve. On June 14, 2019, she complained to Deputy Calhoun about a non-conforming tray. She states he told her in a stern voice to stop complaining to the kitchen staff. Hope, however, began to send kites to the kitchen again, complaining about the meals.

On June 13, 2019, Hope reported to the medical department for another weight check. She spoke with the medical supervisor who indicated she would speak to Shreve and McCutcheon about staying within Hope's dietary restrictions.

Hope alleges Hicks told her she would get her breakfast tray last because she was not going to play games with Hope any longer. She contends she was not allowed extra bananas when she requested them, even though other inmates could ask for extra food.

Hope alleges she held the job of a cleaner. While performing her duties, she encountered a male inmate kitchen worker. She talked to the male inmate and asked him to make sure her food trays were within her dietary limits. Bowens later confronted Hope about that conversation. Hope states she told Bowens all that she and the inmate discussed, but Bowens told her that she had lost her job as a cleaner. She states Bowens also discussed her medical history in the presence of other deputies.

Hope indicates that, days before her release, she requested another meeting with McCutcheon to discuss her food trays. She claims McCutcheon told her she would get back to her. Hope was transferred to a halfway house on July 3, 2019. She states that, by the time of her transfer, she had lost thirty pounds.

Hope asserts two claims for relief. First, she claims the defendants violated her rights under the Americans with Disabilities Act by failing to provide her with a proper diet. Second, she asserts

that the defendants were deliberately indifferent to her medical needs and subjected her to cruel and unusual punishment. She seeks monetary damages.

## II.     Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe

the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. Analysis**

As an initial matter, Hope does not allege facts connecting Berg, Scofield, Gilenbach, Hickman, Barker, or Wyman to the actions described in the complaint. To meet federal notice pleading requirements, the complaint must give the defendants fair notice of what the plaintiff's legal claims against them are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). For Berg, Scofield, Hickman, and Wyman, it is not sufficient to identify them as deputies who work in the unit and then offer only blanket allegations that deputies would not assist her to get new food trays. To hold them liable, Hope must allege how each was personally involved in the activities that form the basis of the alleged behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Likewise, there are no allegations that can be linked in any way to probation officer Gilgenbach or Chief Inspector Barker. The claims as against Berg, Scofield, Gilgenbach, Hickman, Barker, and Wyman are dismissed.

Similarly, Medical Service Providers is not a proper defendant. The medical department of a county jail is not *sui juris*, meaning it is not a separate legal entity that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued") (citations omitted); *Black v. Montgomery Cnty. Common Pleas Ct.*, No. 3:18-cv-123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). The medical department is

merely a subunit of the Summit County Jail, which itself is a subunit of the county. The claims against Medical Service Providers fail as a matter of law.

Hope first asserts claims under the Americans with Disabilities Act ("ADA"). The ADA forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs, and activities, which are the subject of Title II; and (3) public accommodations, which are covered by Title III. *Tennessee v. Lane*, 541 U.S. 509, 516–17, 124 S. Ct. 509, 158 L. Ed. 2d 820 (2004).

Title I is clearly inapplicable here. Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government[.]" 42 U.S.C. § 12131(1)(A). Title III applies only to private entities operating public accommodations and services. It expressly does not apply to public entities such as cities, counties, and states, or to the departments and agencies of those public entities. *See* 42 U.S.C. §§ 12131(1), 12181(6); *see also Watson v. Cobb*, No. 14-cv-1034, 2015 WL 502314, at *3 n.7 (W.D. Tenn. Feb. 5, 2015) (Title III "expressly does not apply to public entities such as cities, counties, and states or to the departments and agencies thereof."); *Collazo v. Corr. Corp. of Am.*, No. 4:11-cv-1424, 2011 WL 6012425, at *4 (N.D. Ohio Nov. 30, 2011) ("A jail or prison facility does not constitute a place of 'public accommodation' as defined in the applicable statutory provisions."); *Wattleton v. Doe*, No. 10-cv-11969, 2010 WL 5283287, at *2 (D. Mass. Dec. 14, 2010) (concluding that federal prison does not constitute a place of public accommodation under Title III of ADA).

Because the actions occurred in the Summit County Jail, Title II is applicable. But Title II of the ADA applies only to State or local governments. It does not provide a cause of action against public employees or their supervisors, or to private entities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). Hope's ADA claims are dismissed as against Bowens, McCutcheon, Aramark, Hicks, Calhoun, and Shreve. As no other defendants remain against whom this claim can be asserted, Hope's ADA claim is dismissed.

Moreover, even if Hope had stated this claim against a proper defendant, failure to provide Hope with a gluten free diet in response to her gluten allergy does not fall within the purview of the ADA. Dietary accommodation for a medical condition is considered medical treatment. The ADA provides relief for exclusion from a prison service, program or activity, or for discrimination based on disability; it does not provide relief for alleged incompetent medical treatment. *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (granting motion to dismiss because claims that prisoner with diabetes was denied a proper diet is medical treatment and not the type of claim that the ADA was intended to cover); *Kensu v. Rapelje*, No. 12-cv-11877, 2015 WL 5302816, at *4 (E.D. Mich. Sept. 10, 2015) (failure to provide a gluten free diet to an inmate with a gluten allergy is considered to be a claim for inadequate medical care, which is not covered by the ADA).

Finally, even if the ADA did provide a substantive cause of action to Hope, she failed to allege sufficient facts to state a claim under this statute. Under Title II of the ADA (42 U.S.C. § 12132), Hope must establish that she has a disability. The ADA defines a disability as a physical or mental impairment that substantially limits one or more of the major life activities of the individual. According to the ADA regulations, an individual is "substantially limited" in

7

performing a major life activity if she is either: (1) unable to perform a major life activity that the average person in the general population can perform (e.g., walking), or (2) significantly restricted as to the condition, manner, or duration under which she can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity (e.g., being able to walk only for brief periods of time). 29 C.F.R. § 1630.2(j)(1)(i)-(ii). A physical impairment, does not, *per se*, qualify as a disability under the ADA. *See Salim v. MGM Grand Detriot, L.L.C.*, 106 F. App'x 454, 459 (6th Cir. 2004) (citing *Nawrot v. CPC Int'l*, 277 F.3d 896, 903 (7th Cir. 2002)). To state a claim under the ADA, the plaintiff must show more than a physical impairment; she must allege and demonstrate that the identified impairment renders her unable to perform a major life activity or significantly restricts the condition, manner or duration under which she can perform a major life activity. 42 U.S.C. § 12012(2); *Salim*, 106 F. App'x at 459. Hope has not alleged facts suggesting that a restriction in food choices to avoid allergens significantly restricts or renders her completely unable to perform major life activities.

Hope also asserts claims for violation of her Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). This, however, does not mandate that a prisoner be

free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9–10 (requiring extreme or grave deprivation).

In *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates

the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Here, Hope's allegation that she repeatedly was denied food within her dietary restrictions arguably qualifies as an objectively serious deprivation. Furthermore, she contends that Shreve and McCutcheon met with her several times but failed to correct the situation. On its face, the complaint states a plausible claim for relief against Shreve and McCutcheon.

The same cannot be said for Hope's allegations against the other remaining defendants. Hope alleges that Bowens discussed her medical condition in the presence of other deputies. She also contends Bowens questioned her about a conversation Hope had with a male inmate and informed Hope that she had lost her job as a cleaner. Plaintiff alleges Hicks told her she would get her tray last because she complained too often. She also alleges Calhoun told her to stop complaining about the food trays. These actions are not sufficiently serious to state a claim upon which relief may be granted. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (verbal harassment and offensive comments do not state an Eighth Amendment claim).

### IV. Conclusion

For all the foregoing reasons, Hope's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

Hope's claims under the Americans with Disabilities Act are dismissed pursuant to 28 U.S.C. § 1915(e). Hope's Eighth Amendment claims are dismissed against Berg, Bowens, Scofield, Gilgenbach, Aramark, Medical Service Providers, Hickman, Hicks, Barker, Wyman, and Calhoun pursuant to 28 U.S.C. § 1915(e). The Court expressly declines certification of an immediate appeal under Fed. R. Civ. P. 54(b). Should Hope nonetheless attempt an immediate appeal, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that such appeal from this decision could not be taken in good faith.

This action shall proceed solely on Hope's Eighth Amendment claims against McCutcheon and Shreve. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon McCutcheon and Shreve.

**IT IS SO ORDERED**.

Dated: January 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**